UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JODY M. WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV3 HEA |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act (Act), 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On May 2, 2014, Administrative Law Judge Stephen M. Hanekamp conducted a video hearing from St. Louis, Missouri. Plaintiff appeared by video

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

teleconference from Columbia, Missouri and the Vocational Expert, Denise Ann Weaver, appeared as well.

Plaintiff resides with her son and husband who was also unemployed at the time of the hearing. Plaintiff was born on November 9, 1980. She was 43years old at the time of the hearing. Plaintiff completed high school.

Plaintiff has no prior work experience based upon the previous finding by another ALJ. Plaintiff did not dispute this finding.

On examination by counsel, Plaintiff testified, that she has panic attacks three to four times a week which cause her to be light-headed, short of breath, and her heart starts racing. As a consequence she is unable to function for a period of time.

Plaintiff spends her days taking care of her young son and doing some house-work. She has a driver's license, but she testified it was difficult for her to drive because of the medications she takes

There was testimony from Denise Ann Weaver, the Vocational Expert. Ms. Weaver testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs at the medium work level available for Plaintiff

as a linen room attendant, hotel and restaurant industry, a cleaner, hospital, and a stubber.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on November 17, 2015. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issues in this case are whether substantial evidence supports the ALJ's determination that Plaintiff's impairments did not meet or medically equal listing 12.06 and whether substantial evidence supports the ALJ's residual functional capacity (RFC) determination.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has

such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the application date of April 3, 2013. The ALJ found at Step Two that Plaintiff had the severe impairments of major depressive disorder; panic disorder with agoraphobia; and generalized anxiety disorder.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (416.920(d), 416.1525, 416.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with some nonexertional limitations of simple tasks relating to understanding, remembering, and carrying out instructions, using judgment, and dealing with changes in routine work setting.  In terms of responding appropriately to coworkers, supervision, and usual work situations, Plaintiff can do tasks that can be performed independently, tasks that involve working primarily with things rather than people, and interactions with co-workers and supervisors must be superficial, and Plaintiff can have no direct interaction with the general public and the work setting must be non-public.   The ALJ defined superficial as no negotiation, arbitration, mediation, confrontation of others or supervision of others.  At Step Four it was the finding of the ALJ that Plaintiff had no past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th

Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and

conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**I. Is There Substantial Evidence in Support of the ALJ's Determination That Plaintiff's Impairments Did Not Meet or Medically Equal Listing 12.06?**

Plaintiff asserts that the ALJ erred in finding that she did not meet the requirements of listing 12.06C. In this regard she has the burden of establishing a diagnosed condition that is included in the listings and objective medical reports documenting that the condition meets all the specific criteria of the applicable listing. *See Boettcher v. Astrue,* 652 F. 3d 860, 863-64 (8th Cir. 2011).

In order to satisfy the listing of 12.06C, Plaintiff must demonstrate she had an anxiety-related disorder "resulting in complete inability to function independently outside of the area of one's home". The record does not support the conclusion of the Plaintiff and the objective evidence does not support that she had an anxiety-related disorder as defined.

A review of the record demonstrates the ALJ clearly considered the daily activities and demonstrated abilities were substantial and goal-oriented and was not indicative of an inability to function independently outside the home. By way of glaring example inconsistent with Plaintiff's position, she testified she acted as the primary caregiver for her child and was trying to have more children and prepared simple meals. Being the primary caregiver for a child is inconsistent with the

existence of disabling impairments. *Eichelberger v. Barnhart*, 390 F. 3d 584, 590 (8th Cir. 2004). The record further indicates that Plaintiff attended appointments with her physicians independently, could drive a car, and successfully acquired a home loan-which is no small feat- in order to move to a larger residence. It was reasonable for the ALJ to conclude there was not a complete inability of Plaintiff to function outside the home.

The ALJ reviewed and noted the Plaintiff sought medical attention or treatment regarding her alleged anxiety only infrequently. There was no evidence that she ever sought her anxiety medication for about a year prior to her claim. Further there was no evidence that she was unable to function during that period. Plaintiff testified about the necessity of counseling, but there were no records relating to any counseling sessions. Such claims may be discredited in the absence of supporting records. *Turpin v. Colvin,* 750 F. 3d 989, 993 (8th Cir. 2014).

The record is also replete with evidence from Plaintiff's medical providers which is inconsistent with her claims of debilitation. There was evidence that Ms. Mackey evaluated Plaintiff and concluded the Plaintiff as cooperative and cheerful, appropriate affect, normal speech, and a logical flow of thought. There was evidence that Dr. Imam, noted Plaintiff to be in no apparent distress and appeared without accompaniment at her appointments. Evidence relating to her mental status exam of her was benign. Plaintiff's own treating physician noted in June of 2013

and January of 2014 that she had normal communication ability, intact memory, and normal attention and concentration. The good doctor also found that Plaintiff had judgment for everyday activities and social situations "within normal limits."

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence in arriving at the conclusion relating to Listing 12.06.

**2. Was there Substantial Evidence to Support the Residual Function Capacity Determination?**

Plaintiff here objects to the RFC finding by the ALJ. "The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five [of the sequential process]. " *Hensley v. Colvin,* ____F .3d____, 2016 WL3878219,*3 (8th Cir. July 18, 2016). The record plainly demonstrates that the ALJ considered Plaintiff's symptoms and the extent to which her symptoms were consistent with other evidence in the record.

The ALJ considered the medical and non-medical evidence was inconsistent with the allegations of disabling mental impairments and supported his conclusions with solid reasons. *See Julin,* 826 F. 3d at 1086 ("Credibility determinations are the province of the ALJ, and as long as good reasons and substantial evidence support the ALJ's evaluation of credibility, we will defer to her decision"). The ALJ has properly and reasonably determined the RFC of the Plaintiff.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of March, 2017.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE